Harper, J.
I shall first consider the case on the words of the will, which follow : “ Item, and my will is, that after the death of my wife, the tract of land on Indian Camp, and all the rest of my estate not otherwise disposed of, shall be equally divided between David Rees, and *40 Daniel and Jacob Utesey, sons of Jacob Utesey, and David, and Isaac, and Ann Utesey, children of George Utesey, and Jacob Carn, and the children of Elizabeth Carn, (afterwards Elizabeth Rhode, and now Elizabeth Conner,) children and grand-children of Frederick Carn.”
I consider it to be very well settled, that if there be a devise to an individual designated by name, and to other individuals designated as a class, as to A and the children of B; or if it be to the children of A and the children of B, all the individuals take equally, and per capita. So, if the devise be to next of kin, they will take per capita, and not per stirpes. Blackler v. Webb, 2 Pr. Wms. 383; Northey v. Strange, 1 Pr. Wms. 340; Green v. Howard, 1 Br. C. C. 31; Phipps v. Garth, 3 Br. C. C. 64; Butler v. Stratton, 3 Br. C. C. 369. But in the case of Cole v. Creyon, A Hill Ch. 311,) decided by this Court, after a good deal of consideration, in May, 1833, it was held, that an exception must be made, and that “if there be a bequest to an ascertained individual, *4.4.1 an<^ a c^ass unascertained individuals,* (to be ascertained at -I any future time after the death of the testator,) it vests one-half in the said individual, and the other half in the individuals of the class collectively, when they are ascertained.” It follows from the principles of that decision, that if there be a devise to several ascertained individuals, and a class of unascertained individuals, to be ascertained on a future event, that class will take a share equal to that of each of the ascertained individuals, and no more; they taking the residue jointly. It depends on this, that the different interests must vest at different times. The shares of the ascertained individuals must vest at the death of the testator; that of the unascertained individuals, cannot vest until the event happens by which they are to be determined, and upon any other construction it would be impossible to determine what interest did vest at the testator’s death. That case, like the present, was a devise to the testator’s wife for life, and after her death to be divided between Alexander Creyón, and the children of Elizabeth Cole, who was still living. In Justice Windham’s case, (5 Rep. 8,) it is said that joint words shall be taken severally, “ sometimes in respect that the grant cannot take effect but at several times, as 24 E. 3, 29, a, a remainder limited to the right heirs of J. S. and J. N., (J. S. and J. N. being alive,) in which cáse the words are joint, and yet the heirs shall take severally.” This is on the ground of the property’s vesting at different times. The heirs of J. S. and J. N. cannot be ascertained till their deaths, for nemo hceres viventis, and it is not to be supposed that they will die at the same time. Mr. Preston, in his Treatise on Estates, (2 vol., p. 20,) refers to this case, and as an inference from that and other eases mentioned, says, (p. 22,) “ A grant may be given to the right heirs of three persons, of whom two are dead and one is living. Ho determination which occurs has settled the quality of the estates which shall pass by a gift under these circumstances. From principle, it should seem, that the right heirs of the person who is living would have one-third part separately to themselves, and that the heirs of the two deceased persons would be joint tenants of the remaining two-third parts.”
In the case before us, there were at the death of the testator seven *4.51 Persons designated and certain, to whom the estate was given *after -* the death of his wife, and whose interests necessarily vested, and *41 a class of persons who could not be ascertained till the death of the tenant for life, nor their interests vest till then. It is clear that all the children of Elizabeth Carn, born before the period of distribution would be entitled to take ; and in the same case of Cole and Creyón, we have held that the property did not so vest in any of the children of Elizabeth Carn, who died in the life-time of the tenant for life, as to be transmissible to their personal representatives. Their interest was contingent until the death of the tenant for life. It results from those principles, that at the testator’s death, the seven designated persons, David Rees, Daniel Dtesey, Jacob Dtesey, David Dtesey, Isaac Dtesey, Ann Dtesey, and Jacob Carn, took under the words of the will which I have quoted, seven-eighths of the estate as joint-tenants, and one-eighth remained for the children of Elizabeth Carn, who should be living at the death of the tenant for life.
Nor do I think the words of the will which follow, can produce any different effect: “ And whereas I have made four different parts of families my heirs, my will and desire is, that if any of them die without issue, then and in that case, his or her share shall be equally divided between my adopted heirs of the same family.” There is nothing inconsistent in the devisees’ taking in the manner which I have indicated, and the limitation of the interest of each to the survivors of the same family.
The will speaks of four families. I suppose that David Rees, though of a different name, was of the same family with Daniel Dtesey and Jacob Dtesey, as Jacob Carn is clearly pointed out to be of the same family with the children of Elizabeth Carn. If so, upon the death of Daniel Dtesey, his share accrued to David Rees and Jacob Dtesey. If they were not in any manner of the same family, then to Jacob Dtesey alone. The fact may be inquired of by the Commissioner.
It follows from what I have said, that the plaintiffs, children of Elizabeth Carn, are entitled to one-eighth of the estate under the devise to them, and one-eighth in right of their uncle Jacob Carn. And it is ordered and decreed, that the decree of the Chancellor be modified accordingly.
Johnson and O’Neahh, Js., concurred.